# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20573
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2017

Lyle W. Cayce
Clerk

LARRY ALLEN,

> Plaintiff - Appellant

v.

HOUSTON INDEPENDENT SCHOOL DISTRICT,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-1717

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:*

This matter involves a lawsuit filed by Plaintiff Larry Allen against his former employer, Defendant Houston Independent School District (HISD), alleging violations of the Age Discrimination in Employment Act of 1967 (ADEA), Title VII of the Civil Rights Act of 1964, and the Texas Commission on Human Rights Act (TCHRA). Allen appeals a final judgment entered by the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20573

United States District Court for the Southern District of Texas, denying Allen leave to amend his complaint to assert additional claims and granting summary judgment in favor of HISD on his hostile work environment and retaliation claims. For the reasons that follow, we AFFIRM.

## I. Background

Larry Allen is an African American man over the age of fifty. He began working in Senior Manager Support[1] in HISD's Transportation Department in November of 2010, under a "Non-Certified Administrator Performance Contract." On August 12, 2012, his supervisor, Nathan Graf, allegedly sent an email to a number of Allen's co-workers that incorrectly averred that Allen had failed to complete a "high-priority" task.

Following that incident, Allen alleges that Graf began reassigning his duties and responsibilities to younger HISD employees and harassing him by: (1) allegedly distorting his face on an iPad and sharing that distorted photo with others in the office, against his wishes; (2) remarking to another co-worker that Allen was slow in getting around; and (3) making a comment about Allen's graying hair. On September 28 2012, Allen met with Graf's supervisor, Leo Bobadilla, to discuss his concerns—Allen contends that Bobadilla took no action to restrain Graf's behavior, which allegedly continued.

Next, on October 2, 2012, Graf issued Allen a "written reprimand," which included allegations regarding a bus stop assignment. According to Allen, he sent both Graf and Bobadilla a letter to request that Graf cease harassing him and creating a hostile work environment. Allen then claims to have met with Graf and a human resources representative, Gary Estes, to discuss these events. During this meeting, Graf allegedly said that he "knew how to

---

[1] Allen's precise job title is not consistently stated in the record and is therefore unclear.

discipline" Allen, but that he "did not know how to discipline" a white co-worker, Mark Swackhamer, HISD Senior Manager of Vehicle Maintenance. Allen took this comment to signify that Swackhamer had received preferential treatment.

Allen then alleges that his work duties "continued to be removed and reassigned" over the next four months, and complains that on December 21, 2012, Graf promoted two of Allen's subordinates without Allen's knowledge. Allen then lodged a complaint with the "HISD Equal Opportunity Office," alleging age discrimination, race discrimination, and a hostile work environment. According to Allen, he soon learned from a co-worker that his position was being "eliminated," and that his employment contract "would not be renewed." Graf reportedly decided to combine the positions of "Senior Management Support" and "Senior Manager of Operations" around this time, to "increase departmental efficiency." He chose Chester Glaude, a forty-six year-old African American male, for the new position, and he recommended that Allen's employment contract not be renewed. Allen attended an HISD "conference for the record" on July 27, 2013, where he was officially informed that his position had been eliminated and was offered the option of resigning with severance pay in lieu of termination. Allen rejected that option, and HISD terminated his employment a short time later.

Allen then filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC), wherein Allen claimed that HISD had discriminated against him based on his age and race and retaliated against him for complaining about that discrimination. Allen filed this action on June 19, 2014, after receiving notice of his right to sue from the EEOC. In his Amended Complaint, Allen made claims for race discrimination under Title VII, age discrimination under the ADEA and the TCHRA, hostile work

environment under all three statutes, and retaliation under Title VII and the TCHRA.

Defendant moved for summary judgment on Allen's discrimination claims, but not on the hostile work environment or retaliation claims. The district court granted summary judgment on Allen's discrimination claims, and entered final judgment on February 11, 2016, mistakenly dismissing the case as to all claims. Allen filed a motion for reconsideration on June 9, 2016, on the grounds that the magistrate judge's recommended order that the district court ultimately adopted did not address his remaining claims. The district court granted Allen's motion for reconsideration on June 9, 2016, and, in the same order, determined that HISD's reply to that motion would constitute a second motion for summary judgment as to the hostile work environment and retaliation claims. The district court required Allen to respond no later than July 7, 2016.

On June 16, 2016 Allen filed a motion for leave to amend his complaint and attached the second amended complaint. The chief purpose of the second amended complaint appears to have been the addition of claims under 42 U.S.C. §§ 1981 and 1983—for hostile work environment and retaliation. HISD filed a response to this motion, arguing that leave should not be granted because: (1) claims under these sections require a showing that the challenged acts were undertaken pursuant to a government custom, policy, or practice, and Allen's choice to proffer these claims after depositions were taken and discovery had closed—despite having "ample time" prior—makes it difficult for HISD to explore that requirement via fact witnesses; (2) the factual basis for Allen's hostile work environment claim under § 1981 represented a "rehash" of his previously dismissed ADEA claim; (3) the same evidentiary framework applied to Allen's Title VII claims for employment discrimination also governs

No. 16-20573

§ 1981 claims, and because the Title VII claim based on the same predicate facts was dismissed, the amendment to add the § 1981 claim was futile.

The district court held a hearing on both the motion for leave to amend and for summary judgment on July 29, 2016, ruling from the bench on both motions. First, the district court denied leave to amend on the basis of three disfavored facts: (1) the length of time (exemplified here by the fact that there had already been an amendment in August 2014, and the new motion did not come until June 2016); (2) discovery had long closed; and (3) the motion came only after a second motion for summary judgment to dispose of all the claims already pleaded. The district court also noted that leave to amend was unnecessary, because the elements of the proposed claims were before the court in the claims already pleaded.[2] Second, the district court granted summary judgment to HISD on the remaining hostile work environment and retaliation claims contained in the First Amended Complaint.

The district court concluded that there was not sufficient evidence to meet the standard applicable to hostile work environment claims under any statute. In particular, it ruled that the totality of the circumstances revealed only isolated, "occasional utterances that were viewed as offensive" and were "not severe in any fashion," and that there was no evidence raising any fact issue as to interference with Allen's work.

As to retaliation, the district court held that (1) Allen had made out a prima facie case based on temporal proximity between the protected activity and "the alleged transferring of responsibilities that led up to the

---

[2] The district court also noted that to the extent that the elements of the new claims were *not* already before the court, they would still be precluded for the three reasons already mentioned.

5

No. 16-20573

termination,"[3] and that (2) HISD had presented sufficient evidence of "legitimate non-retaliatory reasons" for failing to renew Allen's contract—specifically, that there was no further need for his position, given the consolidation of that position with another to improve departmental efficiency.

The burden then shifted back to Allen to show evidence establishing a genuine issue as to pretext—whether HISD would have taken the action but for the protected conduct. The district court found Allen's evidence insufficient on this point, insofar as Allen could not: (1) present evidence that HISD departed from the standard reorganization procedure in failing to renew Allen's contract, or that such a standard procedure existed at all; (2) present evidence that the individual with whom Allen was replaced, Glaude—who was only somewhat younger and was also African American—was so significantly less qualified as to support an inference of pretext. Accordingly, the district court granted summary judgment to HISD. Allen appeals the district court's denial of leave to amend and its grant of summary judgment on his retaliation claims.

## II. Standard of Review

This court reviews denial of a motion to amend for abuse of discretion. *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 177 (5th Cir. 2007). In the context of a motion seeking leave to amend, the court's discretion is limited insofar as Federal Rule of Civil Procedure 15(a) evinces a bias in favor of leave to amend. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999). Indeed, the district court lacks discretion to deny such a motion in the absence of a "'substantial reason,' such

---

[3] In particular, the evidence the district court pointed to included (1) Allen's September 2012 complaint; (2) his March 23 EEO complaint; and (3) the reduction of job responsibilities over the following four months, culminating in termination.

No. 16-20573

as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party." *Id.* (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)).

This court reviews a district court's grant of summary judgment de novo under the standard applied by the district court. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (citing *Riverwood Int'l Corp. v. Emp'rs Ins. Of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005)). "The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, admissions and affidavits on file indicate no genuine issue as to any material fact." *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

### III. Discussion

### A.

Allen first challenges the district court's ruling denying him leave to amend his complaint. He contends that none of the grounds on which the district court denied the motion can justify the denial. Allen argues that there was no undue delay, since his decision to seek leave to amend "was a result of the Court's summary judgment dismissing [Allen's] racial discrimination claims and incorrectly dismissing his retaliation claim," and the leave he sought was to "expand his remaining claims' legal theories" following summary judgment. He argues that the closure of discovery cannot be a reason to deny leave; since Title VII and § 1981 claims are governed by the same evidentiary standard, the fact that he pleaded Title VII claims should have given notice of possible § 1981 claims. He points out that the motion to amend post-dated HISD's second motion for summary judgment only because the district court chose to consider HISD's reply to the motion for reconsideration as a motion for summary judgment. Lastly, he objects that, although the elements of a Title

7

VII and § 1981 claim are concededly the same, the claims are legally distinct and should not be treated as though they were equivalent. *See e.g.*, *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 460 (1975) (noting that "the remedies under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct, and independent").

We hold that the district court did not abuse its discretion in denying Allen leave to amend his complaint. The district court properly considered the combination of Allen's delay in filing and the fact that discovery had closed as factors weighing against granting leave to amend. For delay to form a basis for denial of leave, that delay must be "*undue*, i.e. it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). The prejudice in this case is derived from the fact that addition of discrimination claims under § 1981 and § 1983 imports a new element into the proceedings; namely, that a state or state actor violated these sections pursuant to a "custom or policy." *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 736 (1989). Had Allen moved for leave to amend before or during discovery, rather than after its closure, HISD would probably have explored issues related to this requirement by deposing witnesses. That the late timing of the motion makes such exploration difficult is prejudicial, and if the only way the court could alleviate that prejudice is by reopening discovery, then that delay also places an unwarranted burden on the court—especially when the court stood on the verge of resolving the proceedings altogether. In sum, the district court explicitly provided a substantial reason for denial of leave to amend and did not abuse its discretion in doing so. *See Martin's Herend Imps.,* 195 F.3d at 770.

B.

Allen next challenges the district court's grant of summary judgment in favor of HISD on his retaliation claims under Title VII and the TCHRA. In particular, Allen argues that a dispute of material fact exists as to pretext because: (1) there is a temporal relationship between the protected activity and the ultimate termination; (2) HISD did not offer evidence of an increase of efficiency after Allen's termination; (3) a relevant comparator exists in the experience of Aaron Hobbs, whose position was also terminated, allegedly pursuant to a "reorganization"; (4) that Glaude was comparatively inexperienced as concerned the managerial position he assumed in place of Allen.[4]

"The substantive law governing Title VII and TCHRA retaliation claims is identical." *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014). Both statutes require a plaintiff to make out a prima facie case showing that: (1) he engaged in a protected activity; (2) some adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *See id.* Where a prima facie case is established, and where the "retaliation claim . . . is premised on a pretextual rationale for dismissal," *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013), the claim is evaluated under a burden shifting framework: "(1) first, the employee must demonstrate a prima facie case of retaliation; (2) the burden then shifts to the employer, who must state a legitimate non-retaliatory reason for the employment action; and (3) if that burden is satisfied,

---

[4] Allen raises a number of arguments for the first time in his reply brief, including that HISD lacked a legitimate business reason for separation and that, contrary to the district court's determination, Allen did make out a prima facie claim as to hostile work environment. As these arguments were not raised in Allen's opening brief, they are waived. *See United States v. Jimenez*, 509 F.3d 682, 693 n.10 (5th Cir. 2007) ("Issues not raised in an appellant's initial brief . . . are deemed waived.").

the burden then ultimately falls to the employee to establish that the employer's stated reason is actually a pretext for unlawful retaliation." *Id.*; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). Importantly, once the defendant articulates a legitimate reason for the allegedly problematic employment action, the inference of retaliation created by the prima facie case disappears, and the plaintiff bears the burden of proving that the articulated reason is pretextual by a preponderance of the evidence. *See Lawrence v. U.T. Med. Branch,* 163 F.3d 309, 312 (5th Cir. 1999).

Allen identifies only two additional pieces of evidence in the record to support the existence of a genuine issue as to pretext.[5] Both provide too weak and speculative a basis to infer that Allen's termination was carried out for a retaliatory purpose. *See McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007) (noting that the plaintiff bears burden of proving that an employer's proffered reason is pretextual).  First, Allen's attempt to identify a relevant comparator by which to establish a "standard reorganization procedure" from which his termination deviated consists entirely of Allen's depositional reference to Aaron Hobbs's experience. This perspective lacks independent confirmation from Hobbs, and in any case, there is nothing in the record to support that the one reorganization in the past to which Allen refers established a "standard" for the future, such that a purported deviation from that standard could be reliably assessed.

---

[5] As recounted above, Allen argues that the temporal connection between the termination and protected activity should weigh in his favor on this issue. But because the district court already based its finding of a prima facie case on that ground, Allen must point to additional facts to carry his burden at the pretext stage. *See Lawrence*, 163 F.3d at 312. Allen's additional argument that HISD's failure to identify efficiency gains from the reorganization it cites as the reason for terminating Allen must also fail. Such an argument represents an impermissible attempt to shift the burden on the issue of pretext. *See id.*

No. 16-20573

Second, although there exists something of a disparity in educational attainment between Allen and Glaude, Allen provides no significant evidence that Glaude's qualifications are so out of sync with the requirements of the new position he was slated to assume as to raise an inference of pretext—especially given evidence of Glaude's extensive experience with HISD and the record evidence as to his knowledge of the school district's mode of operation.  In sum, the district court did not err in granting summary judgment to HISD on the issue of pretext. *See Sanders-Burns*, 594 F.3d at 380.

## IV. Conclusion

For the reasons stated, we AFFIRM the ruling of the district court as to all issues.